IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RAMON RAMIREZ,** | : | CIVIL ACTION NO. 1:25-CV-1066 |
| **Plaintiff** | : | (Judge Neary) |
| v. | : | |
| **FNU GECHY,** *et al.*, | : | |
| **Defendants** | : | |

### MEMORANDUM

This is a prisoner civil rights case filed pursuant to <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971). The complaint will be dismissed with prejudice because it does not present a cognizable <u>Bivens</u> claim under <u>Fisher v. Hollingsworth</u>, 115 F.4th 197 (3d Cir. 2024).

**I.      Factual Background & Procedural History**

Plaintiff Ramon Ramirez is an inmate incarcerated by the United States Bureau of Prisons. He is currently housed in FCI-Loretto, but his claims arise from earlier incidents in FCI-Allenwood and several other BOP institutions. He filed this case on May 21, 2025, in the United States District Court for the Eastern District of Texas. (Doc. 2). The case was transferred to this district on May 22, 2025. (Doc. 3). Ramirez's complaint asserts that defendants—BOP officials employed at FCI-Allenwood and FCI-Beaumont—failed to protect him from an assault in FCI-Allenwood and another assault in FCI-Beaumont. (Doc. 2). He seeks damages pursuant to <u>Bivens</u> for defendants' alleged failure to protect him. (<u>Id.</u>)

**II.**     **<u>Legal Standard</u>**

The Prison Litigation Reform Act authorizes a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. See 28 U.S.C. § 1915(e)(2);[1] 28 U.S.C. § 1915A.[2] The court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

---

[1] 28 U.S.C. § 1915(e)(2) provides:

**(2)** Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
  **(A)** the allegation of poverty is untrue; or
  **(B)** the action or appeal—
     **(i)** is frivolous or malicious;
     **(ii)** fails to state a claim on which relief may be granted; or
     **(iii)** seeks monetary relief against a defendant who is immune from such relief.

[2] 28 U.S.C. § 1915A provides:

**(a) Screening.**--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
**(b) Grounds for dismissal.**--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--
  **(1)** is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
  **(2)** seeks monetary relief from a defendant who is immune from such relief.

In screening claims under Sections 1915A(b) and 1915(e)(2)(B), the court applies the standard governing motions to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See, e.g., Coward v. City of Philadelphia, 546 F. Supp. 3d 331, 333 (E.D. Pa. 2021); Smith v. Delaware, 236 F. Supp.3d 882, 886 (D. Del. 2017). This standard requires the court to "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008) (quoting Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002)).

Federal notice and pleading rules require the complaint to provide "the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Phillips, 515 F.3d at 232 (alteration in original) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). To test the sufficiency of the complaint, the court conducts a three-step inquiry. See Santiago v. Warminster Township, 629 F.3d 121, 130-31 (3d Cir. 2010). In the first step, "the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.'" Id. at 130 (alteration in original) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 675 (2009)). Next, the factual and legal elements of a claim must be separated; well-pleaded facts are accepted as true, while mere legal conclusions may be disregarded. Id. at 131-32; see Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009). Once the court isolates the well-pleaded factual allegations, it must determine whether they are sufficient to show a "plausible claim for relief." Iqbal, 556 U.S. at 679 (citing Twombly, 550 U.S. at 556); Twombly, 550 U.S. at 556. A claim is facially plausible when the plaintiff pleads facts "that allow[] the court to

3

draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Courts must liberally construe complaints brought by *pro se* litigants. Sause v. Bauer, 585 U.S. 957, 960 (2018). *Pro se* complaints, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

### III. Discussion

In Bivens, the Supreme Court recognized an implied damages remedy for a Fourth Amendment violation committed by federal officials, whose conduct was not encompassed by the statutory remedy available against state actors under 42 U.S.C. § 1983. Bivens, 403 U.S. at 397. In over 50 years since Bivens was decided in 1971, the Supreme Court has extended Bivens only twice: first, to a claim for sex discrimination under the Fifth Amendment's Due Process Clause, see Davis v. Passman, 442 U.S. 228, 248-49 (1979), and later to a claim for inadequate prison medical care under the Cruel and Unusual Punishment Clause of the Eighth Amendment, see Carlson v. Green, 446 U.S. 14, 18-23 (1980).

Prior to the Supreme Court's decision in Ziglar v. Abbasi, 582 U.S. 120 (2017), lower courts often recognized Bivens claims in contexts other than those recognized by Bivens, Davis, and Carlson. Ziglar and its progeny, however, severely limit the class of cases in which Bivens may proceed. Ziglar sets forth a two-part test for determining whether a Bivens claim may proceed. First, courts must ascertain whether the case presents a "new context." Id. at 138. If the case differs "in a meaningful way" from previous Bivens cases decided by the Supreme Court,

4

"then the context is new." Id. at 139. Second, if the case presents a new context, the court must consider whether "special factors" counsel against extending Bivens. Id. This inquiry asks whether "the Judiciary is at least arguably less equipped than Congress to weigh the costs and benefits of allowing a damages action to proceed." Egbert v. Boule, 596 U.S. 482, 492 (2022) (quoting Ziglar, 582 U.S. at 136). If a court concludes that "even a single reason" exists to pause "before applying Bivens in a new context," then special factors counseling hesitation exist and a Bivens remedy does not lie. Id. (quoting Hernandez v. Mesa, 589 U.S. 93, 102 (2020)).

Although Ziglar, Hernandez, and Egbert only list Bivens, Davis, and Carlson as cases where the Supreme Court has recognized a Bivens claim, until recently the United States Court of Appeals for the Third Circuit recognized that plaintiffs could also file Bivens claims alleging that prison officials were deliberately indifferent to the risk that they would be assaulted by other inmates. See Shorter v. United States, 12 F.4th 366, 372-73 (3d Cir. 2021), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher, 115 F.4th at 204-08; Bistrian v. Levi, 912 F.3d 79 (3d Cir. 2018), *abrogated by* Egbert, 596 U.S. at 492, *as recognized in* Fisher, 115 F.4th at 204-08.

In Fisher v. Hollingsworth, however, the Third Circuit held that Egbert abrogated the contrary holdings in Bistrian and Shorter recognizing a Bivens claim for failure to protect a plaintiff from inmate-on-inmate violence. Fisher, 115 F.4th at 206. "Egbert," the Fisher court explained, "tightened the Ziglar test and, in doing so, made a strong statement that lower courts should not extend Bivens beyond the contexts recognized in Bivens, Davis, and Carlson." Id. at 204. Egbert's "new articulation" of the new context step of the Ziglar test "unequivocally narrows the

5

universe of relevant cases to just three," i.e., Bivens, Davis, and Carlson. Id. Under Fisher, "unless a case is indistinguishable from Bivens, Davis, or Carlson, a damages remedy may be created by Congress, but not by the courts." Id. at 205. Thus, the court held that Bistrian and Shorter were abrogated because they recognized Bivens claims that were outside the scope recognized by Bivens, Davis, Carlson. Id. at 206.

Fisher controls this case. Ramirez seeks damages for defendants' failure to protect him from assault by another inmate. Under Fisher, this is no longer a cognizable Bivens claim. See id.[3] The court will accordingly dismiss this case. Leave to amend will not be granted because amendment of the complaint would be futile.

## IV. Conclusion

This case is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A, because plaintiff's complaint does not present a cognizable Bivens claim. An appropriate order shall issue.

/S/ KELI M. NEARY
Keli M. Neary
United States District Judge
Middle District of Pennsylvania

Dated:   July 31, 2025

---

[3] The analysis does not proceed to the special factors analysis given Fisher's holding that claims of failure to protect from an assault by inmates is not a cognizable Bivens claim, but even if it did, Fisher would additionally compel the court to hold that the BOP's administrative remedy program is a special factor barring extension of Bivens. Fisher, 115 F.4th at 208.

6